**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

NICKOLIS DEAN WILLIAMS,                          *

Plaintiff,                                       *

v.                                               *          Civil Action No. PX-22-852

LT. MANDE, *et al.*,                             *

Defendants.                                      *
                                            ***

<u>**MEMORANDUM OPINION**</u>

Nickolis Dean Williams has filed suit alleging that several Montgomery County Correctional Facility ("MCCF") corrections officers used excessive force against him. ECF No. 1. Defendants move to dismiss the claim for failure to exhaust administrative remedies. ECF Nos. 9, 9-1. Defendants alternatively argue that the claim fails as a matter of law and that they are qualifiedly immune from suit. ECF No. 9-1. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court informed Williams that the failure to respond could result in dismissal of the Complaint without further notice. ECF No. 10. Williams has not filed any responsive pleading.

The matter is now ripe for review, with no need for a hearing. *See* Loc. R. 105.6. For the reasons that follow, Defendants' Motion to Dismiss shall be granted, and the Complaint will be dismissed without prejudice for failure to exhaust administrative remedies.

## I.       Background

According to the Complaint, on March 14, 2022, Defendant Officer Luu told Williams that he was moving to another cell. ECF No. 1-1 at 3. Williams agreed to the move out of fear that to do otherwise would result in disciplinary action against him. *Id.* But Officer Luu's shift ended before he could escort Williams to his new cell. *Id.*

Later that day, Williams was eating lunch in his cell when Defendant Officer Noel entered

and attempted to handcuff Williams so he could be escorted to the medical unit. *Id.* at 4. Defendant Lieutenant Mande next entered the cell, yelling at Williams. Lieutenant Mande also twisted Williams' arm, kicked the back of his thigh, and punched him in the stomach, knocking the wind out of him. *Id.* at 4-5; ECF No. 1 at 3. As Lieutenant Mande reached for his pepper spray, Williams laid on the ground to be handcuffed. ECF No. 1-1 at 5. Officers escorted Williams to segregation, during which Williams became lightheaded and asked to sit down. *Id.* at 6. The officers instead dragged Williams to segregation, hurting his shoulder, wrist, and lower back. *Id.*

On March 22, 2022, Williams filed an Inmate Grievance Form pertaining to "the use of excessive force by Lt. Mande." ECF No. 9-5. The grievance did not mention any other officer. *Id.* The next day, MCCF's Custody and Security Section began investigating the allegations. *Id.* But before the investigation was completed, Williams filed this action.

## II.     Standards of Review

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded allegations as true and most favorably to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts

cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

Generally, the Court confines its Rule 12(b)(6) review to the complaint facts and documents incorporated into the complaint. *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (citation omitted). However, the court may also consider documents integral to the complaint allegations so long as not dispute exists as to the documents' authenticity. *Goines*, 822 F.3d at 166 (citations omitted). To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original). *See also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). In determining whether Williams exhausted administrative remedies, the Court will consider, alongside the Complaint, MCCF's written inmate grievance procedures and documents related to Williams' administrative action.

### III.   Discussion

The Prisoner Litigation Reform Act requires that before filing suit against prison officials pursuant to 42 U.S.C. § 1983, the inmate must first exhaust all available administrative remedies at the correctional facility. *See* 42 U.S.C. § 1997e(a). The purpose of exhaustion is to afford prison officials an opportunity to redress complaints before formal suit, thereby "reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007);

3

*see also Chase v. Peay*, 286 F. Supp. 2d 523, 530 (D. Md. 2003).  Although exhaustion is not jurisdictional, an inmate must still avail himself of each step in the administrative review process before this Court will hear the claim.  *See Bock*, 549 U.S. at 215-16 (2007); *see also Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.2d 674, 682 (4th Cir. 2005).

Ordinarily, the Court may not excuse the failure to exhaust.  *Ross v. Blake*, 578 U.S. 632, 639 (2016) (citing *Miller v. French*, 530 U.S. 327, 337 (2000), provided that "any defects in exhaustion were not procured from the action or inaction of prison officials."  *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).  Moreover, an inmate need only exhaust "available" remedies.  42 U.S.C. § 1997e(a).  An administrative remedy is not "available" where the prisoner, "through no fault of his own, was prevented from availing himself of it."  *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aquilar-Avellaveda*, 478 F. 3d at 1225); *Kaba*, 458 F.3d at 684.

MCCF maintains its own inmate grievance procedure for reviewing inmate complaints.  *See* Inmate Guidebook, ECF No. 9-2 at 2-4; MCCF Policy & Procedure Manual, ECF No. 9-3.  Pursuant to this procedure, the inmate must first complete and submit an Inmate Grievance Form to correctional staff.  *See* ECF No. 9-2 at 3.  The staff has five days to respond to the complaint.  *Id.*  The inmate may next request review of the Section Head, who also must respond within five days.  *Id.*  If the inmate is dissatisfied with the Section Head's response, he may seek review by the Warden who must deliver a written response within five days.  *Id.*  Last, the inmate can appeal the Warden's decision by sending a written statement to the Montgomery County Department of Correction and Rehabilitation Director within five working days.  *Id.*

Evidently, Williams did not fully pursue these administrative remedies.  At best, Williams initiated a grievance against Lieutenant Mande but did not proceed similarly against the other

Defendants.  And as to Lieutenant Mande, Williams had not received a response from the Custody and Security Section at the time he filed suit in this Court.  Nor has Williams responded to Defendants' motion, or otherwise demonstrated that he has, in fact, fully exhausted the claims. Accordingly, the Court will grant Defendants' motion to dismiss for failure to exhaust administrative remedies.  The Court declines to address Defendants' alternative arguments for relief.

### IV.   Conclusion

Based on the foregoing, Defendants' Motion to Dismiss is granted and Williams's claims are dismissed without prejudice.

A separate Order follows.

| | |
|---|---|
| 1/6/23 | /S/ |
| Date | Paula Xinis<br>United States District Judge |